## LOUIS HENNEK v. PAUL LUNDH AND POWELL HARDWARE COMPANY, INC.[1]

June 17, 1938.

No. 31,754.

*Atwood & Quinlivan,* for appellants.
*Phillips, Sherwood & Hughes,* for respondent.

[1]Reported in 280 N. W. 180.

PER CURIAM.

The defendants have appealed from a judgment for the plaintiff entered after a denial of their motion for judgment or a new trial. Plaintiff recovered a verdict for personal injuries sustained by him in a collision between a motorcycle on which he was riding and a truck belonging to the defendant Powell Hardware Company and driven by the defendant Paul Lundh. For convenience, the hardware company will hereafter be referred to as the defendant. The collision occurred about eight o'clock on a chilly morning October 1, 1936. Plaintiff was riding on his motorcycle in the city of St. Cloud easterly on First street toward its intersection with Sixth avenue, where the collision occurred. He was riding without a cap, gloves, or mittens at a speed between 15 and 20 miles per hour as he approached the intersection and without either hand on the handle bars. When three or four feet from the intersection he put his right hand on the handle bar where the throttle control was located and started to slow down. He testified that he slowed down to around 13 or 14 miles per hour. The defendant's truck was approaching the intersection from the south, and the jury would have been justified in finding that at the time the plaintiff was entering the intersection it was in front of the second building south of the intersection. When plaintiff was a few feet west of the intersection he looked to his right and saw the defendant's truck about half a block up the street; he then looked to the left and saw a car which he thought was standing still, and before he looked to the right again he was hit by the truck in the southeast quarter of the intersection. It is the defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law and that the verdict of $2,500 was so excessive as to indicate that it was given under the influence of passion or prejudice.

The charge of contributory negligence is based upon the contention that he was traveling at an excessive speed and did not have his motorcycle under proper control. Under the circumstances above set forth, we do not think either of these contentions is sustained by the evidence as a matter of law.

■ The plaintiff's special damages amounted to nearly $400, leaving $2,100 for compensation for loss of time, disability, pain, and suffering. His leg was broken between the knee and ankle, where he had a compound fracture of both bones. He was confined to the hospital for 26 days following the accident. He then went to his home, where the cast remained on his leg for about a month and a half. He then had another cast put on and returned to the hospital, where he remained eight days. The cast was removed, and he used a cane for two or three weeks. While there is no shortening of the leg and only the usual aftermath of a compound fracture, we are not disposed to disturb the verdict since we do not regard it as excessive.

The judgment appealed from is affirmed.